IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

CORDELLRA McCALEY											PLAINTIFF

VS.												CIVIL ACTION NO. 3:20cv298-DPJ-FKB

DEPUTY WARDEN JAMES FILLYAW,
et al.												DEFENDANTS

## REPORT AND RECOMMENDATION

This cause is before the Court on Plaintiff's Motion for Injunctive Relief [24].  Having considered the motion, and having held an omnibus hearing[1] in this case, the undersigned recommends that it be denied.

Plaintiff is a state inmate currently housed at the Mississippi State Prison at Parchman, Mississippi.  This action arises out of his previous incarceration at the Central Mississippi Correctional Facility ("CMCF"), located at Pearl, Mississippi.  In his complaint brought pursuant to 42 U.S.C. § 1983, he makes general allegations that Defendants failed to protect him from injury by another prisoner and that they retaliated against him.  In the present motion [24], McCaley alleges that Defendants have continued to mistreat him by taking privileges away from him and, in general, that he feels threatened by them.

In order to obtain injunctive relief, a plaintiff must satisfy the stringent test set forth in *Mississippi Power & Light Co. v. United Gas Pipe Line Co.*, 760 F.2d 618 (5th Cir. 1985)(citing *Canal Auth. of State of Florida v. Callaway*, 489 F.2d 567 (5th Cir. 1974)).  That test requires that a plaintiff seeking injunctive relief establish (1) a substantial likelihood that plaintiff will prevail on the merits; (2) a substantial threat that plaintiff will suffer irreparable injury if the

---

[1] At the omnibus hearing, Plaintiff verbalized his consent to proceed before the undersigned magistrate judge.  *See* 28 U.S.C. § 636.  However, Plaintiff returned the consent form to the Court without signing it.

injunction is not granted; (3) that the threat and injury to plaintiff outweighs the threat and harm the injunction may do to defendants; and (4) that granting the injunction will not disserve the public interest. *Callaway*, 489 F.2d at 572. These requirements are not balanced, but rather each one must be met before the court can grant such a drastic remedy. *Mississippi Power & Light Co.*, 760 F.2d at 621.

Plaintiff has failed to allege facts indicating that he can meet these prerequisites. Furthermore, he cannot meet the requirement of irreparable injury because he is no longer housed at CMCF. For these reasons, the undersigned recommends that the motion be denied.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. § 636; Fed. R. Civ. P. 72(b); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-1429 (5th Cir. 1996).

RESPECTFULLY SUBMITTED, this the 28th day of May, 2021.

/s/ F. Keith Ball
UNITED STATES MAGISTRATE JUDGE